# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **VICTORIA QUINLAN,** 55 School St., Mechanicsburg, OH 43044 | Case No.: 2:21-cv-119 |
| | Judge |
| **Plaintiff, on behalf of herself and all others similarly situated,** | Magistrate Judge |
| vs. | **Jury Demand Endorsed Hereon** |
| **TORRID OHIO, LLC,** 18501 E. San Jose Ave., San Jose, CA 91748 | |
| c/o Registered Agent: Corporation Service Company 50 W. Broad St., Suite 1330 Columbus, OH 43215 | |
| **Defendant.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Plaintiff Victoria Quinlan (referred to herein as "Plaintiff"), individually and on behalf of herself and all others similarly situated and proffers this Complaint for damages against Defendant Torrid Ohio, LLC (referred to herein as "Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Victoria Quinlan is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff Quinlan resides in Champagne County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendant's as that term is defined in the FLSA and R.C. Chapter 4111.

7. Defendant Torrid Ohio, LLC is a Limited Liability Corporation registered to do business in Ohio and conducting business in Madison County in the Southern District of Ohio.

8. Defendant is an "employer" as that term is defined by the FLSA and R.C. Chapter 4111.

9. At all times relevant herein, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA, and/or Defendant has an annual gross volume of sales in an amount of not less than $500,000.

10. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime

compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

**Defendant's Business Practices**

11. Defendant operates a Distribution Center located at 115 Enterprise Parkway in West Jefferson, Madison County, Ohio.

12. Defendant employs approximately 400 general warehouse workers at any given time at the Distribution Center.

13. General warehouse workers are paid on an hourly basis (herein after referred to as "Hourly Warehouse Workers").

14. Plaintiff Quinlan is an Hourly Warehouse Worker.

15. Hourly Warehouse Workers are typically scheduled to work 10-hour shirts.

16. Hourly Warehouse Workers regularly work more than 40 hours per week.

17. Upon arrival for their shifts, Hourly Warehouse Workers scan their badges to gain access to Defendant's warehouse.  Upon entry, Hourly Warehouse Workers can drop off food for their shift in the break room.

18. After that, Hourly Warehouse Workers are required to pass through a security screening using a metal detector before proceeding onto the warehouse floor.  Once they successfully pass-through screening, they are required to walk to the timeclock to manually clock-in for their shifts.

19. Hourly Warehouse Workers are required to clock-out for 30-minutes as an unpaid meal break during their shifts.

20. Hourly Warehouse Workers are not permitted to eat on the warehouse floor; rather, meals must be eaten in the break room located outside of the warehouse floor.

21. Before the actual meal break can start, Hourly Warehouse Workers are required to walk from their workstations to the timeclock to clock-out for their break. After they clock-out, Hourly Warehouse Workers walk from the timeclock back to the front of the warehouse and pass through security screening before exiting the warehouse floor to the break room.

22. This process—beginning from the time the Hourly Warehouse Workers clock out until they arrive at the breakroom—takes between three (3) and four (4) minutes.

23. Prior to the end of the meal break, Hourly Warehouse Workers must walk from the breakroom, back through security screening, onto the warehouse floor and back to the timeclock to clock back in prior to the end of the meal break. Again, this process takes between three (3) and four (4) minutes.

24. Thus, between six (6) and eight (8) minutes of the unpaid meal breaks are spent walking through the warehouse and undergoing security screening for Defendant's benefit. The actual meal break is only twenty-two (22) to twenty-four (24) minutes.

25. However, Defendant does not compensate its Hourly Warehouse Workers for the 6-8 minutes of compensable work time.

26. If Hourly Warehouse Workers clock in late after the end of their meal breaks, they are subject to discipline, including termination.

27. Defendant's failure to compensate Hourly Warehouse Workers for this worktime results in Defendant's failure to pay all overtime compensation to which Hourly Warehouse Workers are entitled.

**Named Plaintiff's Employment Experience**

28. Plaintiff Quinlan began her employment for Defendant in or around July 2020.

29. Plaintiff is currently employed by Defendant as an Hourly Warehouse Worker at Defendant's Distribution Center.

30. Plaintiff is paid on an hourly basis and regularly works more than 40 hours per week.

31. Plaintiff is subject to the same pay policies and practices as set forth above.

32. Plaintiff is not paid for the approximately six (6) – eight (8) minutes each shift for time spent walking through the warehouse and undergoing security screening for her lunch break.

33. This time is for the benefit of the employer.

34. This is compensable worktime for which Plaintiff was required to be paid.

35. Defendant's failure to compensate Plaintiff for this worktime results in Defendant's failure to pay all overtime compensation to which Plaintiff is entitled.

**COUNT I**
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -**
**Failure to Pay Overtime**

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. Plaintiff bring her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly-paid warehouse workers employed at Defendant's Distribution Center in West Jefferson, Ohio, who during the previous three (3) years, worked 40 hours or more in any week, and were required to take 30-minute unpaid meal breaks (hereinafter referred to as the "FLSA Class Members").

38. Plaintiff and the FLSA Class Members were subject to the same pay practices and policies.

39. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

40. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and permitted to opt into the action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

41. In addition to Plaintiff, numerous putative SSPs have been denied proper overtime compensation due to Defendant's facility-wide practice of failing to pay all hourly warehouse workers for all compensable worktime.

42. Plaintiff and the SSPs were paid on an hourly basis.

43. Plaintiff and the SSPs were non-exempt employees.

44. Plaintiff and the SSPs regularly worked more than 40 hours per week, but were not properly compensated for all overtime worked during the workweek.

45. Defendants were aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

46. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiff and the SSPs for all compensable worktime during their unpaid meal breaks.

47. Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### Class Action, Fed. R. Civ. P. 23; OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

48. All of the preceding paragraphs are realleged as if fully rewritten herein.

49. Plaintiff brings this Ohio Minimum Fair Wage Standards Act ("OMFWSA") claim pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the class, including:

> All current and former hourly-paid warehouse workers employed at Defendant's Distribution Center in West Jefferson, Ohio, who during the previous two (2) years, worked 40 hours or more in any week and were required to take 30-minute unpaid meal breaks (hereinafter referred to as the "Rule 23 Class Members").

50. Plaintiff and the other Rule 23 Class Members were not paid an overtime premium for all compensable worktime in a workweek in excess of 40 hours.

51. The Rule 23 Class, as defined above, is so numerous such that joinder of all members is impracticable. The Rule 23 Class consists of more than 400 current and former warehouse workers who have not been properly paid an overtime premium for all hours worked in a workweek in excess of 40.

52. Plaintiff is a member of the Rule 23 Class and her claim for unpaid overtime wages is typical of the claims of other members of the Class.

53. Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

54. Plaintiff has no interest antagonistic to or in conflict with interests of the Class that she is undertaking to represent.

55. Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the Rule 23 Class.

56. Questions of law and fact are common to the class, including:

   a. Whether Defendant violated the OMFWSA by failing to compensate its hourly employees for all compensable worktime, including time spent walking through the warehouse and undergoing security screening;

   b. Whether Defendant established its payroll policy, knowing the policy violated the law and failed to properly compensate hourly employees for all hours worked in a workweek in excess of 40 at an overtime premium;

   c. Whether Defendant kept accurate records of the amount of time the Rule 23 Class Members worked each day;

   d. Whether Defendant properly calculated the Rule 23 Class Members' overtime pay;

   e. Whether Defendant's violations were knowing and willful;

   f. What amount of unpaid overtime compensation is owed to Plaintiff and the other members of the Rule 23 Class as a result of Defendant's violation of the OMFWSA; and

   g. What amount of prejudgment interest is due to the Rule 23 Class members on their unpaid overtime compensation, which was unlawfully withheld.

57. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its employees.

58. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the Rule 23 Class as a whole.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law or fact common to Rule 23 Class Members predominate over any questions affecting only individual members.

60. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's claim and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiff and her counsel are not aware of any pending litigation on behalf of any the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

61. Due to Defendants' violation of R.C. 4111, Plaintiff and the Rule 23 Class Members have suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. <u>As to Count I</u>, certification as a collective action to all SSPs and appointment of Plaintiff and her counsel to represent the FLSA Class; entry of an Order directing

Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the Class Members are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. <u>As to Count II</u>, enter an order certifying that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 and designating the Plaintiff as a Rule 23 Class Representative, enter an order designating Plaintiff's counsel as Class Counsel; enter an order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the Rule 23 Class the total amount of damages to which Plaintiff and the Rule 23 Class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs of the litigation and administration of the common fund, and attorneys' fees, injunctive relief for Defendants to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Carrie J. Dyer*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) persons.

/s/ *Carrie J. Dyer*
Carrie J. Dyer (0090539)